306 S.C. 22 (1991)
410 S.E.2d 18
STANDARD FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent
v.
Valerie H. MUNGO, Logan Steve Holliday and Victoria R. Holliday, Appellants.
1707
Court of Appeals of South Carolina.
Heard August 26, 1991.
Decided October 14, 1991.
Rehearing Denied November 8, 1991.
*23 John E. Miles, Sumter, for appellants.
Steven W. Romig, of McDonald, McKenzie, Fuller, Rubin & Miller, Columbia, for respondent.
Heard Aug. 26, 1991.
Decided Oct. 14, 1991.
Rehearing Denied Nov. 8, 1991.
BELL, Judge:
Standard Federal Savings and Loan Association brought this action against Valerie H. Mungo, Logan Steve Holliday, *24 and Victoria R. Holliday to foreclose a mortgage on real estate. Standard initially waived its right to seek a deficiency judgment. After the master in equity entered an order of foreclosure and sale, but prior to the sale, Standard moved to reinstate its right to seek a deficiency judgment. The master amended the foreclosure order to allow Standard to seek a deficiency judgment. From this order Mungo and the Hollidays appeal. We affirm in part and reverse in part and remand.
Standard holds a mortgage, executed February 21, 1984, on real estate purportedly owned by Mungo. Mungo granted the mortgage to secure repayment of a loan from Standard. At the time the transaction was closed, Standard believed it was taking a mortgage on a lot with a house which had been deeded to Mungo by her parents, the Hollidays.
After Mungo defaulted on the loan, Standard, on April 30, 1986, instituted an action to foreclose its supposed mortgage. Before the foreclosure sale was held, a lawyer for the Hollidays advised Standard's lawyer the deed from the Hollidays to Mungo was a forgery. Not wishing their daughter to be involved in a matter of fraud, the Hollidays offered in writing to satisfy Mungo's debt to Standard and refinance her house on their own. They asked Standard to cancel the foreclosure sale so they could secure a loan to settle the debt. Standard accepted the offer and cancelled the foreclosure sale. After a long delay and repeated assurances that the loan would be repaid, Standard determined the Hollidays were not going to honor their promise. As a result, on November 1, 1988, Standard commenced a second foreclosure action. This second action was against both Mungo and the Hollidays. In addition to its claims against Mungo, Standard asserted a claim against the Hollidays for breach of their written promise to pay Mungo's debt.
Neither Mungo nor the Hollidays answered or appeared in the second action. After finding them in default, the master held a hearing to determine the amount of the debt and entered a judgment of foreclosure and sale on January 18, 1989. Among other things, the order of judgment stated: "The undersigned Master in Equity will retain jurisdiction to do all necessary acts incident to this foreclosure...." The order also reflected Standard waived its right to seek a deficiency judgment after sale.
*25 Before the sale could be held, Mungo filed a Chapter 13 bankruptcy petition in federal court. Her bankruptcy lawyer then advised Standard the mortgaged property was a vacant lot with no improvements except a small shed. The value of the mortgaged property is far below the amount of Mungo's debt to Standard.
By a petition dated August 25, 1989, Standard alleged Mungo's federal bankruptcy proceeding had been dismissed and sought a rule to show cause why the pending foreclosure sale should not go forward. The petition also asked the master to amend the order of January 18, 1989, to permit Standard to seek a deficiency judgment against Mungo and the Hollidays in the event the proceeds of the foreclosure sale were not sufficient to satisfy the judgment debt. As a ground for this relief, the petition alleged Standard was induced to waive its right to a deficiency by Mungo's deception of its appraiser as to the identity of the property being mortgaged. Relying on the appraiser's mistaken report, Standard believed the mortgaged premises included a house.
Standard's petition was heard on October 11, 1989. The master considered the petition under Rule 60(b), S.C.R. Civ. P. Counsel for Mungo and the Hollidays made motions to dismiss the petition claiming: (1) the court lacked jurisdiction and (2) a petition for a rule to show cause was not the proper procedure by which to seek amendment of a judgment of foreclosure and sale. The master denied the motions to dismiss. He then proceeded, without taking evidence on the merits and over the objection of counsel for Mungo and the Hollidays, to amend the order of January 18, 1989, to permit Standard to seek a deficiency judgment after sale.

I.
Mungo and the Hollidays contend the master should not have entertained the petition because Standard used the wrong procedure to seek relief from the court. This argument is manifestly without merit.
Rule 1, S.C.R. Civ. P., provides the Rules of Civil Procedure govern procedure in all South Carolina courts in all suits of a civil nature. Rule 1 further directs the Rules shall be construed to secure the just, speedy, and inexpensive determination of every action. Rule 61, S.C.R. Civ. P., mandates: "The *26 court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." Rule 7(b), S.C.R. Civ. P., provides an application to the court for an order shall be by written motion. Rule 8(f), S.C.R. Civ. P., requires all pleadings to be so construed as to do substantial justice to all parties.
Standard sought relief by a rule to show cause. In doing so, it followed traditional practice in the courts of South Carolina prior to the adoption of the Rules of Civil Procedure. Although the better practice under the Rules would have been to make a Rule 60(b) motion, the substance of the relief sought was the same regardless of the form in which the request for relief was framed. Accordingly, the master was correct to treat the petition as a Rule 60(b) motion, as the above cited rules require him to do.

II.
Mungo and the Hollidays next claim the master had no authority to grant relief because Rule 52(b), S.C.R. Civ. P., requires a motion to amend judicial findings of fact to be made within ten days after receipt of written notice of entry of judgment. Here, Standard did not seek relief within ten days.[1]
Rule 52 is not applicable to this case. Standard did not file a Rule 52 motion. Moreover, its petition did not seek modification of a judicial finding of fact in the foreclosure order. Instead, it sought relief from a mistaken waiver of rights allegedly induced by Mungo's fraud. We need not decide whether the master could entertain a motion to amend under Rule 52, because he had the power, under Rule 60(B), to relieve Standard of that portion of the foreclosure order barring the right to seek a deficiency judgment. Cf., District of Columbia v. Stackhouse, 239 F. (2d) 62 (D.C. Cir.1956).

III.
Finally, Mungo and the Hollidays argue the master erred in granting Standard's petition without taking evidence on the merits of its claim. At the oral argument *27 of this appeal, Standard's attorney candidly agreed that the case should be remanded for an evidentiary hearing to determine if grounds exist for relief under Rule 60(b)(2) and (3).
Accordingly, we reverse the granting of the petition and remand for an evidentiary hearing and determination of Standard's right to seek a deficiency judgment in the event the proceeds of the foreclosure sale are not sufficient to satisfy the judgment debt. In view of the repeated delays Standard has already suffered in recovering its money, the master should hear and determine the matter forthwith. Thereafter, he should order the foreclosure sale held promptly to secure the just, speedy, and inexpensive conclusion of these proceedings.
Affirmed in part, reversed in part and remanded.
SANDERS, C.J., and SHAW, J., concur.
NOTES
[1] Counsel argues this point in terms of lack of jurisdiction. The ten day requirement of Rule 52 is, however, a rule of limitation, not a rule of jurisdiction. Rule 52 does not affect the jurisdiction of the court. See Rule 82(a), Rule 6(b), S.C.R. Civ. P.