567 S.E.2d 260

**RICHLAND COUNTY, Appellant,**

v.

**Charles K. KAISER and United Oil Marketers, Respondents.**

**No. 3534.**

Court of Appeals of South Carolina.

Submitted May 6, 2002.

Decided July 15, 2002.

---

1. In light of our disposition, we need not reach Ledford's remaining issues on appeal.

■■■■■■■■■■■■■■■■■■■

Larry C. Smith and Bradley T. Farrar, both of Richland County Attorney's office, of Columbia, for appellant.

Timothy G. Quinn, of Columbia, for respondents.

HEARN, Chief Judge:

Richland County (the County) brought an action to compel the owner and lessee of commercial property to comply with a zoning ordinance requiring screening between commercial properties and residential areas. The trial judge found that the ordinance was vague, indefinite, and unenforceable and the action was barred by the statute of limitations and estoppel and laches. The trial judge also awarded attorney's fees to the owner of the property, Charles Kaiser, and the lessee, United Oil Marketers (United), pursuant to S.C.Code Ann. § 15–77–300 (1985). We reverse and remand for further proceedings.[1]

## FACTS

A truck and fuel center was constructed on the subject property in 1982 by Kaiser's lessee. United acquired a leasehold interest in the property in 1998 through a series of lease assignments. Kaiser testified that under the lease, the lessee is the party required to abide by the applicable ordinances and other regulations.

On May 6, 1996, the Richland County zoning administrator wrote Kaiser and United demanding that they comply with Richland County Zoning Ordinance (Ordinance) Article 7–8.[2] Article 7–8 establishes the screening requirements between commercial properties and lots zoned residential as follows:

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

2. Article 7–8 was enacted as part of the Ordinance adopted September 7, 1977. Although the ordinance has been amended to hold the "property owner" responsible for maintaining the "required buffer yards," the 1977 version remained in force at all times pertinent to this action.

Screening shall be required between any new or expanded commercial or industrial use and any lot zoned residential. Also, screening shall be required in any district between any commercial or industrial use adjacent to a people-oriented use such as a playground, school or church. Such screening shall be adequate to protect the residentially zoned lot and any structure thereon from glare, dispersion of trash or trespassing by pedestrians, and shall not impede visibility of pedestrian and vehicular traffic. As a minimum, a wall, fence or compact evergreen hedge or other type of evergreen foliage or a combination of fence and shrubbery at least six (6) feet in height shall be provided along the side and rear lot lines of the commercial or industrial property. Vegetation used as buffering material shall reach minimum required height within two years. Such screening shall be maintained in a proper manner.

The zoning administrator also demanded the rear property line "be brought into full compliance with the statute within 60 days of receipt of the letter." He testified he received a return receipt indicating Kaiser and United received the letters on May 7, 1996. He further testified that he inspected the property twice after the 60 day period lapsed and found the property was not in compliance.

In January 1998, the County filed a petition for mandamus seeking to force Kaiser and United "to come into complete compliance with the Richland County Zoning Ordinance." United filed a "Motion to Dismiss, Answer and Counterclaim," which sought attorney's fees under the South Carolina Frivolous Civil Proceedings Act and raised the defenses of equitable estoppel, laches, and the statute of limitations.

At the hearing, the assistant zoning administrator testified that he met with United's representative and a vegetation plan had been approved and implemented. They further stipulated that seventy-two plants had been planted in conformity with this plan. However, the assistant zoning administrator testified that approximately forty-nine of the installed plants were now missing and had not been replaced.

The trial court denied the County's petition, finding (1) the equitable defenses of estoppel and laches applied; (2) the statute of limitations had run against the County since it did not bring its action until approximately eighteen years after

the subject property was developed; (3) Article 7–8 was so vague and ambiguous "as to whom and when it is applicable" that it "must be declared invalid"; and (4) the County was unjustified in bringing this action and no special circumstances made the award of attorney's fees unjust. Furthermore, the trial court awarded $4,901.26 in attorney's fees to Kaiser and United. The County's subsequent motion for a new trial or, alternatively, for reconsideration, was denied. This appeal follows.

## STANDARD OF REVIEW

Although the petition in this case was styled as a request for a writ of mandamus, we find that based on the relief sought, the County's pleading is more properly characterized as a request for an injunction. It is the substance of the requested relief that matters "regardless of the form in which the request for relief was framed." *Standard Fed. Sav. & Loan Ass'n v. Mungo,* 306 S.C. 22, 26, 410 S.E.2d 18, 20 (Ct.App.1991). A writ of mandamus is used to compel a public officer to perform a ministerial duty or act the officer refuses to perform. *See Godwin v. Carrigan,* 227 S.C. 216, 222, 87 S.E.2d 471, 473 (1955). In this case, the public entity sought to require performance from private parties. An injunction is an equitable remedy that may be used to require a party to perform an action. *See Kneale v. Bonds,* 317 S.C. 262, 268, 452 S.E.2d 840, 843 (Ct.App.1994). Accordingly, because the relief sought was more in the nature of a request for an injunction than a mandamus, we will treat this action as an appeal from the denial of injunctive relief. Actions for injunctive relief are equitable in nature. *Wiedemann v. Town of Hilton Head Island,* 344 S.C. 233, 236, 542 S.E.2d 752, 753 (Ct.App.2001). In an action at equity, this court has jurisdiction to find facts in accordance with its views of the preponderance of the evidence. *Doe v. Clark,* 318 S.C. 274, 276, 457 S.E.2d 336, 337 (1995); *Thames v. Daniels,* 344 S.C. 564, 571, 544 S.E.2d 854, 857 (Ct.App.2001).

## DISCUSSION
## I. ESTOPPEL AND LACHES

The County argues that because the duty created by Article 7–8 is continuous, its enforcement is not barred by the doctrines of estoppel and laches. We agree.

In the absence of South Carolina authority on point, we find it helpful to look to other jurisdictions for guidance. "If the duty or obligation sought to be enforced is continuing in its character, time runs against plaintiff, not from its creation, but from its repudiation or breach." *Bors v. McGowan*, 159 Neb. 790, 68 N.W.2d 596, 601 (1955) "Continuing breaches create constantly fresh rights of suit, at least where plaintiff's conduct has been such as to forbid an inference of acquiescence." *Id.; see* 30A C.J.S. *Equity* § 133 (1992).

Here, Kaiser and United had a continuous duty to comply with the statute because the statute obligated it to develop and maintain buffer yards to provide adequate screening of commercial property. Further, the County did not acquiesce, but attempted to enforce the ordinance against Kaiser and United. Moreover, Kaiser and United attempted to comply by implementing a vegetation program commensurate with the ordinances's requirements for a buffer yard. Accordingly, we find the county's action was not barred by the doctrines of estoppel and laches.

## II. STATUTE OF LIMITATIONS

The County argues its enforcement of Article 7–8 is not barred by the statute of limitations. We agree.

Statutes of limitation do not bar the equitable relief of injunction. *Silvester v. Spring Valley Country Club*, 344 S.C. 280, 288, 543 S.E.2d 563, 567 (Ct.App.2001); 58 Am. Jur.2d *Nuisances* § 381 (1989). Thus, we find no statute of limitations applies to bar the County's action.

## III. CLARITY OF STATUTE

The County argues the trial court erred in finding Article 7–8 vague and indefinite. We agree.

In its order, the trial court found the Ordinance vague and indefinite because it did not address whether the owner of the subject property or his tenant or lessee is responsible for constructing and maintaining the vegetation screening. Article 7–8 merely directs that the subject commercial property must be screened from "any lot zoned residential" or "adjacent to a people-oriented use such as a playground, school or church."

Generally, ordinances are deemed reasonable and valid and should not be struck down unless "palpably arbitrary, capricious or unreasonable." *United States Fid. & Guar. Co. v. City of Newberry*, 257 S.C. 433, 438–39, 186 S.E.2d 239, 241 (1972); *see Casey v. Richland County Council*, 282 S.C. 387, 389, 320 S.E.2d 443, 444 (1984) (holding legislation enacted to protect the public health and welfare is presumed valid). The purpose of this ordinance is to ensure screening between commercial and residential areas. It does not allocate responsibilities between parties with an interest in an affected commercial property. The County is not concerned with which party brings the subject property into compliance; rather, its concern is that the appropriate screening is constructed.[3] Therefore, the responsibilities between lessor and lessee should be determined by the terms of their lease agreement. Thus, we find no evidence to support the trial court's finding that the statute was vague and indefinite.

## IV. ATTORNEY'S FEES

The County argues the trial judge erred in awarding Kaiser and Union attorney's fees pursuant to S.C.Code Ann. § 15–77–300 (Supp.2001). We agree.

Under section 15–77–300, a party defending an action brought by a South Carolina political subdivision may recover attorney's fees and costs if three prerequisites are met: first, the contesting party must be the "prevailing" party; second, the court must find "that the agency acted without substantial justification in pressing its claim against the party"; and third, the court must find "that there are no special circumstances that would make the award of attorney's fees unjust." *Heath v. Aiken County*, 295 S.C. 416, 420, 368 S.E.2d 904, 905 (1988). An award of attorney's fees under this section will not be overturned unless the complaining party shows that the trial judge abused his discretion in considering the applicable factors from the section. *Heath v. County of Aiken*, 302 S.C. 178, 182, 394 S.E.2d 709, 711 (1990). "An abuse of discretion occurs when a court's decision is controlled

---

3. In amended Ordinance section 27–3.99, the County now holds the "property owner" ultimately responsible for maintaining the appropriate buffering or screening.

by an error of law or is without evidentiary support." *Mictronics, Inc. v. S.C. Dep't of Revenue,* 345 S.C. 506, 510, 548 S.E.2d 223, 225 (Ct.App.2001).

Based on our decision to reverse the trial court's denial of the injunction, we find that Kaiser and Union are not the prevailing parties. Therefore, attorney's fees are not available under section 15–77–300. Accordingly, we reverse the trial court's award of attorney's fees to Kaiser and Union.

## CONCLUSION

For the foregoing reasons, the trial court's decision is reversed and we remand for further proceedings on the merits.

**REVERSED AND REMANDED.**

HUFF and HOWARD, JJ., concur.