THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Forest Oaks, LLC,       
Appellant,
 
 
 

v.

 
 
 
W. E. Grading & Sand, LLC,       
Respondent.
 
 
 

Appeal From Greenville County
Larry R. Patterson, Circuit Court Judge

Unpublished Opinion No. 2003-UP-646
Submitted August 20, 2003  Filed November 4, 2003 

AFFIRMED

 
 
 
David Edward Belding and Gilbert Scott Bagnell,  both of Columbia, 
 for Appellant.
Kevin Phillip Brady and Randall S. Hiller, both of Greenville, 
 for Respondent.
 
 
 

PER CURIAM: Forest Oaks, LLC, filed a complaint 
 against W.E. Grading & Sand, LLC, seeking damages for breach of a grading 
 contract and injury to property.  W.E. Grading counterclaimed on a mechanics 
 lien for the balance due on its grading contract.  The jury entered two verdicts: 
 one in favor of Forest Oaks in the amount of $12,750, and another in favor of 
 W.E. Grading in the amount of $30,933.  Following the verdict, W.E. Grading 
 moved for attorneys fees under the mechanics lien statute, and the court entered 
 an order awarding W.E. Grading $9,355 in attorneys fees.  
Forest Oaks appeals, arguing the evidence W.E. 
 Grading presented was insufficient to show its entitlement to attorneys fees 
 and, even if it was sufficient, that W.E. Grading was not entitled to attorneys 
 fees because Forest Oaks was the prevailing party.  We affirm 
 [1] pursuant to Rule 220, SCACR, and the following authorities: S.C. 
 Code Ann. § 29-5-10(b) (Supp. 2002); Stevenson v. Stevenson, 295 S.C. 
 412, 368 S.E.2d 901 (1988) (stating that the trial courts award of attorneys 
 fees will not be overturned unless it is controlled by an error of law or is 
 without evidentiary support); Humbert v. State, 345 S.C. 332, 548 S.E.2d 
 862 (2001) (requiring an issue to be raised to and ruled upon by the trial judge 
 in order to preserve it for appellate review); Richland County v. Kaiser, 
 351 S.C. 89, 96-97, 567 S.E.2d 260, 264 (Ct. App. 2002) (An abuse of discretion 
 occurs when a courts decision is controlled by an error of law or is without 
 evidentiary support.); Lauro v. Visnapuu, 351 S.C. 507, 522, 570 S.E.2d 
 551, 558 (Ct. App. 2002) (Under our statutory scheme, the award of fees to 
 the prevailing party in a mechanics lien action is automatic and mandatory.).
AFFIRMED.
HEARN, C.J., CONNOR and ANDERSON, JJ., concur.

 
 [1]   We affirm this case without oral argument pursuant 
 to Rule 215, SCACR.