THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Citifinancial Mortgage, Inc., et al., Respondent,
v.
Emma Kennedy a/k/a E.B. Kennedy, Transouth Financial Corporation and Greenwood Trust T/A The Discover Card,
Defendants,
Of Whom Emma Kennedy is the Appellant.
 
 
 

Appeal From Florence County
 Haig Porter, Special Referee

Unpublished Opinion No. 2007-UP-062
Submitted February 1, 2007  Filed February 12, 2007

DISMISSED

 
 
 
Emma Kennedy, of Lake City, for Appellant
Roy F. Laney and Nikole D. Haltiwanger, both of Columbia, for Respondent. 
 
 
 

PER CURIAM:  Emma Kennedy appeals the special referees decision upholding a default judgment in favor of Citifinancial Mortgage Company, Inc. (Bank) which resulted in the foreclosure of her home.  Kennedy contends that she was not afforded service of process in accordance with Rule 4(d), SCRCP.[1]  
FACTS
On December 4, 2004, Bank filed a foreclosure action against Kennedy for her property located at 424 Lyerly Street in Lake City, South Carolina.  On February 5, 2005, Constable Walter Phillips delivered the amended summons and complaint to Kennedys residence, and Carrol Gray accepted delivery.  In his affidavit of service, Phillips noted that Gray, a sixty-five-year-old male, lived at the residence.    
No response to the summons and complaint was ever submitted, and on June 2, 2005, the special referee held a hearing and entered a default judgment against Kennedy ordering the property sold at public auction.[2]  On October 26, 2005, the special referee awarded a deed to the public auctions highest bidder.    
On November 3, 2005, Kennedy filed a Rule 60(b), SCRCP, motion to vacate the special referees default judgment and the sale of the property on the grounds that she was not served process.  On November 23, 2005, the special referee held a hearing and denied Kennedys motion.  The order was filed on November 30, 2005, and written notice of entry of the order was mailed to Kennedy on December 5, 2005.  
Kennedy filed a second Rule 60(b) motion on November 30, 2005, and by order dated December 30, 2005, this motion was denied.  During the December 15, 2005 hearing on this motion, Carrol Gray testified that he stayed at the residence a few days a week and accepted service on behalf of Kennedy.[3]  Gray went on to testify that he presented Kennedy with the summons and complaint the following day.  Kennedy admitted to receiving the summons and complaint, and she further testified that she brought this process to a lawyer within the thirty day period within which she was required to respond.  
On January 11, 2006, Kennedy filed her notice of appeal referencing only the special referees December 30, 2005 order and not the November 30, 2005 order denying the initial Rule 60 motion to set aside the default judgment.  Accordingly, Kennedy notes only when she received written notice of the December thirtieth order and not the date she received written notice of the November thirtieth order.               
LAW/ANALYSIS
Kennedy attempts to appeal from the December 30, 2005 order denying her second Rule 60(b) motion.  There are many procedural and, ultimately, jurisdictional problems with this request.  In an abundance of caution and with a desire for procedural leniency with pro se litigants within the bounds of the law, we will entertain an analysis which explores all possible avenues.
First, we must note that Rule 203(b)(1), SCACR, requires an appellant to serve a written notice of appeal to all respondents within thirty days after receipt of written notice of entry of the order or judgment.[4]  Because the requirement of service of notice of appeal is jurisdictional, failure to meet this deadline deprives this court of the ability to consider the appeal. 
Elam v. S.C. Dept. of Transportation, 361 S.C. 9, 14-15, 602 S.E.2d 772, 775 (2004).  This court has no authority or discretion to rescue the delinquent party by extending or ignoring the deadline for service of the notice.  Id.   
Bank asserts that Kennedys notice of appeal (NOA) was filed fifty days after the special referees November 23, 2005 order (the order was actually filed on November 30, 2005).  However, Rule 203, SCRCP, does not provide that NOA be filed within thirty days of the entry of judgment; it requires the NOA be filed within thirty days after receipt of written notice of entry of the order or judgment.  Therefore, the thirty days began to run when Kennedy received the written notice which was mailed to her on Monday December 5, 2005.  Since Kennedy only appeals from the December 30, 2005 order in her NOA, she does not note when she received notice of the November 30, 2005 order.  Nonetheless, we find it likely Kennedy received the written notice on or before Saturday, December 10, 2005, which would render her January 11, 2006 NOA untimely.[5]  
If we were to accept and analyze Kennedys notice of appeal as it reads to appeal only from the December 30, 2005 order denying her second Rule 60(b) motion, her appeal would fail.  Once the time to file notice of appeal concerning the November 30, 2005 order had expired, that order, right or wrong, became the law of the case and res judicata would preclude any further review on the issues decided therein.  See Ulmer v. Ulmer, 369 S.C. 486, 490, 632 S.E.2d 858, 861 (2006) (holding portion of a judgment that is not appealed presents no issue for determination by the reviewing court and constitutes, rightly or wrongly, the law of the case).  The special referees order denying Kennedys Rule 60(b) motion, enforcing the default judgment for foreclosure, and enforcing the sale of the residence at public auction became unappealable once the time for service of notice of appeal for that order had expired.  Therefore, the relief sought by Kennedy no longer would be available to her through appeal of the December thirtieth order. 
In an effort to provide Kennedy with the benefit of the doubt in this matter, we next endeavor to analyze her notice of appeal as though she intended to appeal from the November 30, 2005 order.  We do not find this analysis to prejudice Bank because they briefed this appeal as though Kennedy had appealed from the November thirtieth order.  In fact, Banks assertion that Kennedys notice of appeal was not timely is based on time elapsing from the November thirtieth order (Bank refers to it as the November 23, 2005 order.). 
In response to the denial of her first Rule 60(b), SCRCP, motion, Kennedy filed a second Rule 60(b) motion.  Important to note is the fact that unlike a Rule 50, 52 or 59, SCRCP, motion, a Rule 60(b) motion does not have any tolling effect on the right to appeal from the challenged judgment.  Coward Hund Construction Co., Inc. v. Ball Corp. and Carolina Glass Contractors, Inc., 336 S.C. 1, 5-6, 518 S.E.2d 56, 59 (Ct. App. 1999).  Therefore, the time to appeal continues to run from the entry of the judgment that the Rule 60(b) motion challenges.  Id.     Thus, if we treat Kennedys second motion as it is captioned, a Rule 60(b) motion, the time to serve notice of appeal would have expired prior to her January 11, 2006 service.  
It is the substance of the requested relief that matters regardless of the form in which the request for relief was framed. 
Richland County v. Kaiser, 351 S.C. 89, 94, 567 S.E.2d 260, 262 (Ct. App. 2002).  It is possible that Kennedys second Rule 60(b) motion should be considered as a Rule 59(e) motion.  Even if we were to make that assumption, Kennedys appeal would still fail.
Although a timely Rule 59(e) motion normally will toll the time within which an appellant must serve his notice of appeal, a successive Rule 59(e) motion will not do so.  Quality Trailer Products, Inc. v. CSl Equipment Company, Inc., 349 S.C. 216, 219, 562 S.E.2d 615, 617 (2002).  In Quality Trailer, the denial of a post-trial motion for JNOV was followed by a virtually identical motion captioned pursuant to Rules 52, 59, and 60, SCRCP.  Id. at 218, 562 S.E.2d at 616-17.  The court found the time for filing appeal is not extended by submitting the same motion under a different caption.  Id. at 220, 562 S.E.2d at 618.  Kennedys first and second post-trial motions each assert only that she did not receive service of process, and we see no substantive difference between them.[6]  We find Kennedys second motion, even were we to treat it as a Rule 59(e) motion, would be successive to her previous Rule 60(b) motion and would therefore not toll the time to submit notice of appeal.
CONCLUSION
We see no means by which this court can take jurisdiction over this appeal.  Based on the foregoing, Kennedys appeal is
 DISMISSED.
ANDERSON, KITTREDGE, and SHORT, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR. 
[2] Through a notice of hearing dated April 27, 2005, Kennedy was mailed a written notice of the hearing, but she failed to appear.    
[3] At the outset of this hearing, Bank asserted that this second Rule 60(b) motion was identical to the previously decided Rule 60(b) motion.  Bank requested that the special referee not entertain this successive motion.  The special referee stated that he was inclined to grant the motion, but he held it in abeyance.  The special referee went on to say that the two motions were basically the same and that he tended to agree with Bank.  Despite the referees statement that you cant make the same motion over and over again and his finding of little or no substantive difference between the motions, he decided Kennedy had expanded on her motion somewhat and since everyone was present they would go ahead with the hearing.  Ultimately, the referee denied Banks motion even though he concluded he might be right or wrong.  
[4] Rule 203(b)(1), SCACR, applies to appeals from the court of common pleas.  However, Rule 203(b)(4), SCACR, dictates that notice of appeal from a special referees decision shall be served in the same manner. 
[5] We note the appellant
has the burden of providing this Court with a sufficient record upon which we can make a decision. 
State v. 192 Coin-Operated Video Game Machines, 338 S.C. 176, 195, 525 S.E.2d 872, 882, (2000).  Kennedy has failed to include the date she received the November 30, 2005 order.  
[6] We are not persuaded that because Kennedys second motion references testimony from the first hearing, it is substantively different from her initial Rule 60(b) motion.