THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 James Furtick, Appellant,
 v.
 South Carolina
 Department of Corrections, Respondent.
 
 
 

Appeal from Marlboro County
 John M. Baxley, Circuit Court Judge
Unpublished Opinion No.   2008-UP-499
Submitted September 2, 2008  Filed
 September 5, 2008
DISMISSED

 
 
 
 James Furtick, pro se Appellant.
 Robert Wesley Jacobs, South Carolina Department of Corrections, of
 Columbia for Respondent.
 
 
 

PER CURIAM:  James Furtick appeals the refusal of the
 Marlboro County Clerk of Court to file his petition for writ of mandamus.  We
 dismiss.[1]
FACTS
 AND PROCEDURAL HISTORY
Furtick
 attempted to file a petition for writ of mandamus with the Clerk of Court in Marlboro County where he is incarcerated.  The filing was not accepted, but was returned to
 Furtick with a notation indicating that his filing was not in compliance with
 Rule 3.  The notation is signed by a circuit court judge.[2] Furtick attempted to file the petition again, but the documents were returned
 to him with a post-it note affixed advising him to [f]ile in the county of
 conviction.  Furtick appeals the failure of the Clerk to file his petition. 
LAW/ANALYSIS
The
 issue of the Clerks failure to file Furticks petition is not appealable. 
 Even if we assume the notation by the circuit court judge constituted a ruling,
 it does not appear to fall within the parameters of those rulings which are
 reviewable by this court.[3] 
 The ruling is not a final judgment, and it does not necessarily affect the
 judgment or involve the merits of the petition.  The ruling does not affect a
 substantial right, nor does it involve an injunction or the appointment of a
 receiver.  All Furtick must do is file his petition in the proper county.  We
 must assume that if he does so, the petition will be considered on the merits
 and only then will it become a final judgment eligible for review by this
 Court. 
However,
 it is imperative to note that the instruction for Furtick to file his petition
 in the county of conviction is erroneous.  A writ of mandamus is used to
 compel a public officer to perform a ministerial duty or act the officer
 refuses to perform.  Richland County v. Kaiser, 351 S.C.
 89, 94, 567 S.E.2d 260, 262 (Ct. App. 2002).  In this case, Furtick seeks to
 compel officials with the South Carolina Department of Corrections to perform
 certain behavioral assessment that could entitle him to a reduction in his
 sentence.  Because they seek to require the action of the respondent, it
 logically follows that such petitions are to be filed in the county where the
 respondent resides.  See State ex rel. Kirven v.
 Scarborough, 70 S.C. 288, 288, 49 S.E. 860, 861 (1904) ([A]n issue in
 mandamus proceedings should be tried where the respondent resides.).  In the
 instant case, the correctional officers who work directly with Furtick are
 employed in Marlboro County where he is incarcerated.  However, the
 headquarters for SCDC, a state institution, is in Richland County.  Therefore, it would certainly be appropriate for Furtick to file his petition there.[4]  
SCDC
 also contends they are not a proper party in this appeal.  Because the issue is
 disposed of on the basis of appealability, we decline to address this
 argument.  See Whiteside v. Cherokee County Sch. Dist. No. One,
 311 S.C. 335, 340, 428 S.E.2d 886, 889 (1993) (holding the appellate court need
 not address remaining issues when resolution of prior issue is dispositive).
Based on all of the foregoing, this appeal is
DISMISSED.
ANDERSON,
 WILLIAMS, and KONDUROS, JJ., concur.  

[1]  This case was decided without oral argument
 pursuant to SCACR 215.
[2]  Furtick maintains the notation was made by
 Judge John M. Baxley.  It is not entirely clear from the record who signed the
 note, but that is not relevant to the disposition of the case.
[3]  S.C. Code Ann. § 14-3-330 (Supp.
 2007) addresses appellate jurisdiction and provides for jurisdiction over an
 appeal from the following:
(1) A final
 judgment in a court of common pleas or general sessions; 
 (2) On appeal from any such final judgment, any intermediate order or decree necessarily
 affecting the judgment [and] not before appealed from;
 (3) An intermediate judgment, order, or decree of a court of common pleas or
 general sessions involving the merits;
 (4) An order affecting a substantial right when such order 
(a) in effect
 determines the action and prevents a judgment from which an appeal might be
 taken or discontinues the action; 
 (b) grants or refuses a new trial; or 
 (c) strikes out an answer or any part thereof or any pleading in any action; 
 (5) A final order affecting a substantial right made in a special
 proceeding or in a summary proceeding after judgment; and 
 (6) An interlocutory order or decree in a court of common pleas which (a)
 grants, continues, modifies, or refuses an injunction or (b) grants, continues,
 modifies, or refuses the appointment of a receiver. 
[4]  It is arguable that Marlboro County is also an appropriate place for filing under the circumstances.  However, since Richland County is the headquarters for SCDC it would clearly be correct for Furtick to
 file the petition there.