**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Forum Benefits, LLC, Appellant,

v.

Brian Bannon and Assured Partners, NL, Respondents.

Appellate Case No. 2022-000231

———

Appeal from Beaufort County
Bentley Price, Circuit Court Judge

———

Unpublished Opinion No. 2024-UP-412
Heard October 8, 2024 – Filed December 11, 2024

———

**REVERSED AND REMANDED**

———

William Weston Jones Newton, of Jones Simpson & Newton, PA, of Bluffton; Katon Edwards Dawson, Jr. and Timothy David St. Clair, both of Parker Poe Adams & Bernstein, LLP, of Greenville; and Steven R. LeBlanc, of Steve LeBlanc, LLC, of Greenville, for Appellant.

William B. Harvey, III, of Harvey & Battey, PA, of Beaufort; and Jeffrey Andrew Lehrer and Matthew J. Gilley, both of Ford & Harrison, LLP, of Spartanburg, for Respondents.

———

**PER CURIAM:** Appellant Forum Benefits, LLC (Forum) commenced the underlying action against Respondents Brian Bannon and Assured Partners, NL, alleging violation of the South Carolina Trade Secrets Act (SCTSA) and interference with a contractual relationship. Against Bannon, individually, Forum alleged breach of contract, conversion, and breach of fiduciary duty. The trial court granted a directed verdict in favor of Respondents. Forum argues the trial court erred in (1) granting a directed verdict, (2) awarding attorney's fees to Respondents, and (3) denying Forum's motion to recuse, resulting in Forum not receiving a fair trial. We reverse and remand.

1. As to whether the trial court erred in granting a directed verdict, we conclude that the trial court did err because the evidence presented at trial yields more than one reasonable inference. In particular, we note Forum adduced evidence subject to more than one reasonable inference as to the following: the nature of the trade secrets and measures in place to protect their secrecy; the existence of the employment agreement; and whether the trade secrets merged with a physical document. *See All Saints Par. Waccamaw v. Protestant Episcopal Church in the Diocese of S.C.*, 385 S.C. 428, 442, 685 S.E.2d 163, 170 (2009) ("In ruling on a motion for a directed verdict, the trial court is required to view the evidence and the inferences that reasonably can be drawn therefrom in the light most favorable to the party opposing the motion."); *Kunst v. Loree*, 424 S.C. 24, 38, 817 S.E.2d 295, 302 (Ct. App. 2018) ("If the evidence at trial yields more than one reasonable inference or its inference is in doubt, the [trial] court must deny the motion for directed verdict . . . ."); *Est. of Carr ex rel. Bolton v. Circle S Enters., Inc.*, 379 S.C. 31, 39, 664 S.E.2d 83, 86 (Ct. App. 2008) ("When considering directed verdict motions, neither the trial court nor the appellate court has authority to decide credibility issues or to resolve conflicts in the testimony or evidence."); *Newbern v. Ford Motor Co.*, 428 S.C. 310, 314–15, 833 S.E.2d 861, 864 (Ct. App. 2019) ("The appellate court applies the same standard in reviewing the trial court's grant or denial of a motion for directed verdict."); *Chalfant v. Carolinas Dermatology Grp., P.A.*, 439 S.C. 372, 384, 887 S.E.2d 1, 7 (Ct. App. 2023) ("This court will reverse the circuit court's ruling on a directed verdict motion only when there is no evidence to support the ruling or when the ruling is controlled by an error of law." (quoting *Turner v. Med. Univ. of S.C.*, 430 S.C. 569, 582, 846 S.E.2d 1, 7 (Ct. App. 2020))); *Graves v. Horry-Georgetown Tech. Coll.*, 391 S.C. 1, 7, 704 S.E.2d 350, 354 (Ct. App. 2010) ("An appellate court will reverse the trial court's grant of a directed verdict when any evidence supports the party opposing the directed verdict.").

2. As to whether the attorney's fees were proper, we hold that Respondents are no longer prevailing parties based on our decision to reverse the trial court's grant of

a directed verdict in their favor. *See Richland County v. Kaiser*, 351 S.C. 89, 97, 567 S.E.2d 260, 264 (Ct. App. 2002) (reversing the award of attorney's fees because based on this court's reversal of the trial court's findings, the respondents were no longer the prevailing parties); *Blumberg v. Nealco, Inc.*, 310 S.C. 492, 493, 427 S.E.2d 659, 660 (1993) ("The general rule is that attorney's fees are not recoverable unless authorized by contract or statute."); *see also* S.C. Code Ann. § 39-8-80 (2023) ("If . . . a claim of misappropriation is made in bad faith . . . , the court may award reasonable attorney's fees to the prevailing party.").

3. As to the whether the trial judge erred in denying the motion to recuse, we need not reach this question because our resolution of the above questions is dispositive.[1] *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding it is not necessary for an appellate court to address the remaining issues when its decision on a prior issue is dispositive). However, we are compelled to note that the trial judge's behavior, particularly in taking a party's witness to his chambers without any counsel present, raised at a minimum the appearance of impropriety. We do not condone the trial judge's behavior.

For the reasons stated above, the trial court's order is

**REVERSED AND REMANDED.**

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

[1] The presiding judge is no longer a sitting judge in this state; thus, there is no risk of the same judge presiding over the new trial.