890 A.2d 894

**Phyllis GOIN**

v.

**SHOPPERS FOOD WAREHOUSE CORPORATION.**

**No. 923, Sept. Term, 2004.**

Court of Special Appeals of Maryland.

Jan. 30, 2006.

Melvin G. Bergman, Greenbelt, for appellant.

Christopher R. Dunn, Lanham, for appellee.

Panel MURPHY, C.J., KRAUSER and JOHN J. BISHOP, JR.,* (Retired, specially assigned), JJ.

MURPHY, C.J.

This appeal from the Circuit Court for Prince George's County arises out of an incident that Phyllis Goin, appellant, has characterized as a "business premises slip and fall case." Following the incident at issue, appellant sued Shoppers Food Warehouse Corporation, appellee, in a two-count COM-PLAINT that included the following assertions:

## COUNT I

### (Negligence)

\* \* \*

4. That on or about April 14, 2001, [appellant] was lawfully in [Appellee's] Store, as an invitee, for the purpose of

---

* Judge Bishop participated in the oral argument and conferencing of this appeal.

purchasing goods, and while walking along one of its [aisles] in the vicinity where fruits and vegetables are displayed, she unexpectedly slipped and fell to the ground with great force.

5. That the slip and fall, as aforesaid, appeared to be the result of either vegetable or fruit matter being on the aisle floor, which matter could not be observed by [appellant]. That said fruit or vegetable matter appeared to have been on the [aisle] floor, as aforesaid, for sometime before [appellant] went down the aisle, as aforesaid.

\* \* \*

8. The negligence of [appellee], as aforesaid, included, but was not limited to, carelessly and negligently failing to adequately and timely inspect the produce aisles for foreign substances; and in carelessly and negligently allowing fruit or vegetable matter, ... to remain on the produce aisle floor for such a length of time so as to prevent their discovery and removal by [appellee] in the exercise of ordinary care.

9. That [appellee] at the date and location ... upon learning of [appellant's] slip and fall, sent an employee to forthwith clean the area where the occurrence, ..., took place, so as to remove any evidence of the foreign matter on the floor which existed at the time of the occurrence. That this act of spoliation by [appellee] prevented [appellant] from preserving as evidence the foreign matter that had caused her to slip and fall.

\* \* \*

## COUNT II

(Negligent and/or Reckless Spoliation)

\* \* \*

14. That [appellee] had a legal duty to preserve the evidence that was relevant to [appellant's] potential civil

action, to wit, the debris on the floor in the area in which she slipped and fell.

\* \* \*

16. That as a result of [appellee's] breach of its duty to preserve the evidence, ..., [appellant] became significantly impaired in her ability to prove the potential civil action, as aforesaid.

\* \* \*

18. That [appellant] had a significant possibility of success in the potential civil action, ... if the removed and destroyed evidence were available.

Appellee filed pretrial motions (1) for summary judgment in its favor on Count I, and (2) for dismissal of Count II. Appellant argued that both of those motions should be denied on the grounds that (1) appellee was not entitled to summary judgment in the negligence action, because of the adverse inference that the trier of fact would be permitted to draw from proof that appellee had engaged in "spoliation" of tangible evidence, and (2) appellee was not entitled to a dismissal of the "spoliation" claim because, under the circumstances of this case, appellant was entitled to assert an "independent action for ... spoliation." The circuit court (1) entered summary judgment in favor of appellee on Count I, and (2) dismissed the claim asserted in Count II. This appeal followed, in which appellant presents two questions for our review:

1. WHETHER THE CIRCUIT COURT ERRED IN HOLDING THAT SPOLIATION OF EVIDENCE WAS NOT APPLICABLE IN THIS CASE.

2. WHETHER THE CIRCUIT COURT ERRED IN DISMISSING APPELLANT'S CLAIM THAT SPOLIATION OF EVIDENCE IS COGNIZABLE AS AN INDEPENDENT TORT.

For the reasons that follow, we answer "no" to each question, and we shall therefore affirm the judgment of the circuit court.

## I.

With commendable candor,[1] appellant concedes (in the words of her brief):

Without the doctrine of spoliation being applicable in the case at bar, [appellant] cannot make a *prima facie* case against [appellee]. [Appellant] has conceded that proposition.

Appellant argues, however, that the case at bar nonetheless presents a question of fact to be decided by the jury. According to appellant (in the words of her brief):

[I]n the instant case there has been no proffer by [appellee] as to its defense, if any, with respect to why they cleaned the floor where [appellant] fell, while she was still lying on the floor. A trier of fact could certainly conclude that [appellee] swept the area to prevent [appellant] from discovering what foreign matter on the floor had [caused] her slip and fall. A jury is entitled to consider spoliation with an appropriate jury instruction as to the permissible inferences they could draw if they find spoliation of evidence applicable under the facts of the case, . . .

\*　　\*　　\*

Slip and fall cases are generally hard enough to prove even when the foreign matter is retrieved by the injured person. They would be impossible to prove if the evidence could be removed and destroyed or concealed when the incident took place. . . . [Appellee] is entitled to present any explanation for their actions to a finder of fact, and it is for the finder of fact to determine whether those explanations are cogent. This case should be allowed to go to a jury to decide the consequences of [appellee's] actions, otherwise the concept of spoliation becomes vacuous.

 There may indeed be a "business premises slip and fall case" in which the doctrine of spoliation will operate to

---

**1.** The record on appeal shows that both counsel of record, as is their custom, exhibited civility and professionalism during their vigorous representation of their clients.

prevent summary judgment in favor of the business.[2] From our review of the record in the case at bar, however, we are persuaded that the evidence is legally insufficient to generate a genuine dispute of fact on the issue of whether appellee's "destruction" of whatever perishable item was removed from the floor during the "clean up" (that appellee was required to conduct) constituted "fraudulent conduct aimed at suppressing or spoliating evidence." *Meyer v. McDonnell,* 40 Md.App. 524, 530, 392 A.2d 1129 (1978). There is simply no evidence that the employee who cleaned the area where appellant fell discarded the perishable item removed from the floor because he or she (1) was instructed—on that particular occasion, on a prior occasion, by written instructions to employees, or by any other communication—to "get rid of whatever you find on the floor in the vicinity of the fall," and/or (2) acted pursuant to a company policy that provides for retention of items that would be helpful to prove that the plaintiff was guilty of contributory negligence or assumption of the risk. In the absence of such evidence,[3] the circuit court's entry of summary judgment was correct as a matter of law.

---

**2.** This conclusion does not overlook the principle that the "inference that arises from the suppression of evidence ... does not amount to substantive proof and cannot take the place of a fact necessary to the other party's case." *Maszczenski v. Myers,* 212 Md. 346, 355, 129 A.2d 109 (1957). *Maszczenski* was cited with approval in *Burkowske v. Church Hosp. Corp.,* 50 Md.App. 515, 439 A.2d 40 (1982), in which this Court affirmed a summary judgment entered against the plaintiff/appellant who had been injured while sitting on a bench that collapsed. The *Burkowske* Court expressly rejected the argument that the hospital was not entitled to summary judgment on the ground "that [the plaintiff/appellant was] entitled to the benefit of a favorable inference arising from the destruction of the bench[.]" *Id.* at 523–24, 439 A.2d 40. Although the above quoted principle will be dispositive of most cases, we leave to another day the issue of whether this principle would be dispositive if a "slip and fall" plaintiff can prove that the defendant's employees are told to "keep what you remove from the floor if it will help prove contributory negligence or assumption of the risk, but get rid of it as quickly as you can if it will be helpful to the plaintiff."

**3.** The record shows that, when responding to appellee's MOTION TO DISMISS COUNT II, appellant stated, "[t]hat ... until there is sufficient discovery, [appellant] cannot ascertain the circumstances attended to the destruction of spoliation of the evidence which was done in

## II.

■ Appellant also concedes (in the words of her brief) "that this Court's decision in *Miller v. Montgomery County*, [64 Md.App. 202, 215, 494 A.2d 761 (1985)], refused to recognize spoliation as a separate and collateral tort ..." According to appellant, however, (in the words of her brief) "more recent decisions, such as *Klupt v. Krongard*, [126 Md.App. 179, 728 A.2d 727 (1999)] ... have created a more flexible spoliation tailored to the circumstances of the individual case." We are persuaded, however, that *Miller* should not be overruled.[4]

Cases discussing the issue of whether spoliation gives rise to an independent cause of action are collected and analyzed in two ALR annotations: Thomas G. Fischer, Annotation, *Inten-*

---

this case in close proximity to the time of the incident so as to determine whether the actions of [appellee] could support an independent tort claim." Appellant does not argue to us, however, that she has been unfairly prejudiced by judgments entered on an incomplete factual predicate.

4. The following cases have cited *Miller* with approval:
 1. *Anderson v. Litzenberg*, 115 Md.App. 549, 694 A.2d 150 (1997), which involved an instruction that an adverse presumption may arise against the spoliator even absent showing of bad faith, and a holding that the "judge's revised instruction fully comported with our pronouncement of Maryland law concerning spoliation of evidence in *Miller* and was, therefore, an accurate statement of Maryland law on this issue." *Id.* at 561–62, 694 A.2d 150.
 2. *Cecil County Dep't of Social Services v. Russell*, 159 Md.App. 594, 861 A.2d 92 (2004), which resulted in a remand to the Office of Administrative Hearings to determine whether spoliation occurred, and if it did, then what motivation was behind the spoliation.
 3. *DiLeo v. Nugent*, 88 Md.App. 59, 71–72, 592 A.2d 1126 (1991), in which appellee testified that she destroyed a journal she kept during the final nine months of her relationship with appellant, and gave explanations for her failure to produce the journal. This Court concluded that the trial judge's jury instruction was a correct statement of the law set forth in *Miller*. "The trial judge instructed the jury that the destruction of evidence by a party gives rise to an inference or presumption that would be unfavorable to the person who destroyed or altered the evidence.... [T]he nature of the inference which could be drawn from this evidence depended upon appellee's motivation.... [T]he trial judge instructed the jury that they could but were not required to accept appellee's reasons for destroying the journal."

*tional Spoliation of Evidence, Interfering with Prospective Civil Action, as Actionable,* 70 A.L.R.4th 984 (1989); and Benjamin J. Vernia, Annotation, *Negligent Spoliation of Evidence, Interfering with Prospective Civil Action, as Actionable,* 101 A.L.R.5th 61 (2002). We are persuaded that the better reasoned cases correctly confine both categories of spoliation to the law of evidence. These cases include *Richardson v. Sara Lee Corp.,* 847 So.2d 821 (Miss.2003), in which the Supreme Court of Mississippi refused "to recognize a separate tort for negligent spoliation of evidence," *id.* at 824; and *Dowdle Butane Gas Company, Inc. v. Moore,* 831 So.2d 1124 (Miss.2002), in which that court refused "to recognize a separate tort for intentional spoliation of evidence against both first and third party spoliators." *Id.* at 1135. The *Dowdle* Court stated:

> We find persuasive the opinions of the California Supreme Court in *Cedars–Sinai [Med. Ctr. v. Superior Court,* 18 Cal.4th 1, 74 Cal.Rptr.2d 248, 954 P.2d 511 (1998)] and *Temple [Cmty. Hosp. v. Superior Court,* 20 Cal.4th 464, 84 Cal.Rptr.2d 852, 976 P.2d 223 (1999)]. Obviously, the preservation of items which might be relevant evidence in litigation is desirable. Nevertheless, the foundation of an inquiry into whether to create a tort remedy for intentional spoliation of evidence must be based on the recognition that "using tort law to correct misconduct arising during litigation raises policy considerations not present in deciding whether to create tort remedies for harms arising in other contents." *Cedars–Sinai,* 74 Cal.Rptr.2d 248, 954 P.2d at 515.
>
> Chief among these concerns is the important interest of finality in adjudication. We should not adopt a remedy that itself encourages a spiral of lawsuits, particularly where sufficient remedies, short of creating a new cause of action, exist for a plaintiff.

*Id.* at 1135. We agree with that analysis.

Moreover, a holding that the doctrine of spoliation gives rise to an independent cause of action based upon an assertion that—in the absence of the alleged spoliation—"the plaintiff

had a *significant possibility* of success in the potential civil action ... if the removed and destroyed evidence were available," would be inconsistent with the case of *Fennell v. Southern Md. Hosp.*, 320 Md. 776, 580 A.2d 206 (1990), in which the Court of Appeals refused to recognize a cause of action for "loss of chance (of recovery)." We are persuaded that it is for the Court of Appeals or the General Assembly to determine whether, at this point in time, the doctrine of spoliation gives rise to an independent cause of action.

**JUDGMENT AFFIRMED; APPELLANT TO PAY THE COSTS.**