659 S.E.2d 122

**Carolyn Bair AUSTIN, Individually and as Personal Representative of the Estate of Robert Jacob Bair, deceased, Appellant,**

v.

**BEAUFORT COUNTY SHERIFF'S OFFICE, Respondent.**

No. 26452.

Supreme Court of South Carolina.

Heard Feb. 6, 2008.

Decided March 10, 2008.

Rehearing Denied April 16, 2008.

32

M. Adam Gess, of McDaniel & Gess, of Beaufort, Mark Weston Hardee, of the Hardee Law Firm, of Columbia, and Robert E. Austin, Jr., of Robert E. Austin, Jr., Law Offices, of Leesburg, FL, for Appellant.

Marshall H. Waldron, Jr., of Bluffton, for Respondent.

Justice WALLER.

This is a direct appeal from the trial court's order which granted summary judgment in favor of respondent, Beaufort County Sheriff's Office (the Sheriff's Office). We affirm.

## FACTS

On July 25, 2001, Robert Bair, the adult son of appellant Carolyn Bair Austin, was found dead in his neighbor's garage at a condominium complex in Hilton Head. The Sheriff's Office began an investigation into his death and collected the following items from the scene: three blood swabs, one syringe, some green leafy vegetable matter,[1] and a white rock substance, which field tested positive for cocaine. In addition to this evidence, the Sheriff's Office submitted four envelopes containing photographs.

The cause of Bair's death was determined to be an illegal drug overdose. In July 2002, the Sheriff's Office destroyed the items of evidence. In July 2004, appellant's attorney discovered that the evidence, as well as related reports, had been destroyed. Appellant filed an action against the Sheriff's Office claiming she is entitled to damages because the destruction of evidence impaired her ability to bring a wrongful death action.[2] In an amended complaint, appellant explained her theory regarding Bair's death as follows: "On July 25, 2001, decedent was assaulted by unknown assailants who inflicted bodily injuries and a fatal dose of drugs on decedent."

---

1. This material was believed to be marijuana.

2. Appellant has not alleged the Sheriff's Office is responsible for Bair's death.

The Sheriff's Office moved for summary judgment. Appellant moved for a continuance in order to conduct additional discovery. The trial court granted summary judgment for the Sheriff's Office.

## ISSUE

Did the trial court err in granting summary judgment?

## DISCUSSION

Appellant urges this Court to adopt the tort of third party spoliation of evidence and allow the case to further proceed through the discovery phase. Specifically, she argues we should recognize the spoliation tort as outlined by West Virginia in *Hannah v. Heeter*, 213 W.Va. 704, 584 S.E.2d 560 (2003). Under the facts of this case, we decline to do so.

■■■■ This Court reviews the grant of a summary judgment motion under the same standard as the trial court, pursuant to Rule 56(c), SCRCP: summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *E.g., Burriss v. Anderson County Bd. of Educ.*, 369 S.C. 443, 633 S.E.2d 482 (2006); *Dawkins v. Fields*, 354 S.C. 58, 580 S.E.2d 433 (2003). The purpose of summary judgment is to expedite disposition of cases which do not require the services of a fact finder. *George v. Fabri*, 345 S.C. 440, 548 S.E.2d 868 (2001).

In *Hannah*, the Supreme Court of Appeals of West Virginia recognized two "stand-alone torts" regarding spoliation of evidence: (1) **negligent** spoliation of evidence by a third party; and (2) **intentional** spoliation of evidence by either a party to the civil action or a third party.[3]

Regarding negligent spoliation by a third party, the *Hannah* court held that the tort had the following elements:

(1) the existence of a pending or potential civil action;

(2) the alleged spoliator had actual knowledge of the pending or potential civil action;

---

3. The court refused to recognize first party negligent spoliation of evidence.

(3) a duty to preserve evidence arising from a contract, agreement, statute, administrative rule, voluntary assumption of duty, or other special circumstances;

(4) spoliation of the evidence;

(5) the spoliated evidence was vital to a party's ability to prevail in a pending or potential civil action; and

(6) damages.

*Hannah,* 584 S.E.2d at 569–70.

As for the tort of **intentional** spoliation of evidence, the Hannah court listed similar elements:

(1) a pending or potential civil action;

(2) knowledge of the spoliator of the pending or potential civil action;

(3) willful destruction of evidence;

(4) the spoliated evidence was vital to a party's ability to prevail in the pending or potential civil action;

(5) the intent of the spoliator to defeat a party's ability to prevail in the pending or potential civil action;

(6) the party's inability to prevail in the civil action; and

(7) damages.

*Hannah,* 584 S.E.2d at 573.

■ Under the particular facts of the instant case, it is clear that appellant's allegations do not rise to the level of stating a claim. First, although appellant contends there is a potential wrongful death action, no tortfeasor has been identified, beyond the "unknown assailants" mentioned in the complaint. Therefore, it is merely speculative that a potential civil action for wrongful death exists. Second, it obviously follows that the Sheriff's Office, could not have actually known of the potentiality of a lawsuit, especially given the fact that the Sheriff's Office apparently concluded that Bair's drug overdose had been self-inflicted. Certainly, appellant never notified the Sheriff's Office of the fact that she sought to pursue a civil lawsuit related to her son's death.

■ Third, appellant can point to no **specific** duty that the Sheriff's Office was required to preserve this evidence. We have held in a criminal case that the State has no absolute duty to preserve potentially useful evidence that might exon-

erate a defendant. *See State v. Cheeseboro,* 346 S.C. 526, 538–39, 552 S.E.2d 300, 307 (2001). Clearly, then, under the facts of the instant case, there was no general duty to preserve evidence after the police had terminated a criminal investigation.

Finally, because of the speculative nature regarding the value of the evidence destroyed, appellant is simply unable to establish that the destroyed evidence was vital to her ability **to prevail** in the potential civil action.

Accordingly, even using the tort elements set out by the *Hannah* court as urged by appellant, no claim for third party spoliation of evidence has been alleged. Thus, we decline to address whether we would, under other factual circumstances, adopt the tort of third party spoliation of evidence. The grant of summary judgment in favor of the Sheriff's Office is

**AFFIRMED.**

TOAL, C.J., MOORE, PLEICONES and BEATTY, JJ., concur.