680 S.E.2d 923

**COLE VISION CORPORATION and Sears
Roebuck & Company, Inc., Plaintiffs,**

**Of Whom Cole Vision Corporation is the, Respondent,**

v.

**Steven C. HOBBS, O.O. and NCMIC Insurance
Company, Defendánts,**

**Of Whom Steven C. Hobbs is the, Appellant.**

No. 4578.

Court of Appeals of South Carolina.

Submitted May 1, 2009.

Decided July 1, 2009.

Rehearing Denied Aug. 25, 2009.

284

Hardwick Stuart, Jr., of Columbia, for Appellant.

E. Raymond Moore, III, and Adam J. Neil, both of Columbia, for Respondent.

LOCKEMY, J.

Dr. Steven C. Hobbs argues the trial court erred in granting Cole Vision Corporation's (Cole) Rule 12(b)(6), SCRCP, motion to dismiss. Specifically, Hobbs maintains he pled facts sufficient to constitute a negligence cause of action, while the trial court found spoliation of evidence an evidentiary matter which cannot serve as the basis for an independent cause of action under South Carolina law. We reverse.

## FACTS

Hobbs is a licensed optometrist who subleased a space from Cole. Cole leased the space from Sears Roebuck and Company

(Sears). Pursuant to the sublease between Cole and Hobbs, Hobbs agreed to indemnify Cole and Sears for any liability they might incur on account of his negligence. Additionally, Hobbs procured insurance for Cole and Sears' benefit pursuant to the sublease from an insurance company both parties refer to as NCMIC.

While Hobbs was operating his optometry business out of his subleased space from Cole, he treated Mary Lewis as a patient in 2002. After Hobbs treated her she was later diagnosed with glaucoma by another doctor. In 2004, Mary Lewis and her husband, John, sued Cole, Sears, and Hobbs alleging Hobbs was negligent in failing to properly diagnose and treat her. Mary Lewis maintained the glaucoma went unnoticed and untreated due to Hobbs's negligent treatment. She is now blind in both eyes, allegedly because of the undiagnosed glaucoma.

Pursuant to the sublease's indemnification provision, Cole and Sears maintained they were entitled to insurance coverage from NCMIC and requested NCMIC provide their defense in the Lewis suit. When NCMIC refused to defend and indemnify Cole and Sears, they brought a declaratory judgment action against Hobbs and NCMIC. In their declaratory judgment action against Hobbs and NCMIC, Cole and Sears asked the trial court to find that Hobbs contractually agreed to hold harmless and to indemnify Cole and Sears in the event they were sued. Further, Cole and Sears asked the trial court to find that NCMIC was obligated to provide coverage and indemnify Cole and Sears under its professional liability coverage with Hobbs. Additionally, Cole and Sears requested attorney's fees and costs.

In his answer and counterclaim, Hobbs asserted Cole had a duty to preserve patient history profiles kept in its custody. Hobbs alleged Cole lost Mary Lewis's patient history profile and breached a duty to him to preserve this evidence. Hobbs requested the trial court declare Cole liable for any liability Hobbs may have to the Lewises and Sears. Furthermore, Hobbs asked the trial court to find he had no duty to Cole and that Cole is obligated to reimburse him for attorney's fees and costs.

Cole filed a motion to dismiss Hobbs's counterclaim pursuant to Rule 12(b)(6), SCRCP, on the ground that South Carolina law does not recognize a cause of action for spoliation of evidence. The trial court granted Cole's motion to dismiss finding the alleged spoliation of evidence was an evidentiary matter for the trial court and could not serve as a basis for an independent cause of action under South Carolina law. Hobbs appeals the trial court's finding.

## STANDARD OF REVIEW

"Under Rule 12(b)(6) of the South Carolina Rules of Civil Procedure a defendant may move to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action." *Spence v. Spence*, 368 S.C. 106, 116, 628 S.E.2d 869, 874 (2006). The appellate court applies the same standard of review as the trial court in reviewing the dismissal of an action pursuant to Rule 12(b)(6), SCRCP. *Doe v. Marion*, 373 S.C. 390, 395, 645 S.E.2d 245, 247 (2007). "In considering a motion to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action, the trial court must base its ruling solely on allegations set forth in the complaint." *Id.* A Rule 12(b)(6) motion may not be sustained if facts alleged and inferences reasonably deducible therefrom would entitle the plaintiff to any relief on any theory of the case. *Id.* "The question is whether, in the light most favorable to the plaintiff, and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Id.* The court should not dismiss a complaint merely because the court doubts the plaintiff will prevail in the action. *Id.*

## LAW/ANALYSIS

### I. Spoliation of Evidence

Hobbs argues he sufficiently pled a negligence cause of action rather than a spoliation of evidence cause of action in his answer and counterclaim. Accordingly, he maintains the trial court erred in dismissing his counterclaim pursuant to Rule 12(b)(6), SCRCP.[1] We agree.

In his counterclaim, Hobbs alleged Cole required he turn over his patients' profiles and records for Cole to maintain

---

1. Cole asserts Hobbs's negligence claim was not addressed in the trial court's order granting the motion to dismiss and because Hobbs did not

custody and control. Additionally, Hobbs alleged Cole had a duty to preserve these profiles and records based on this requirement and assumption of control. Hobbs alleged Cole breached its duty by losing Mary Lewis's patient profile, a key piece of evidence with regard to her examination and his liability. As a result of this breach, Hobbs contends his ability to defend Mary Lewis's claim has been impaired, and he has incurred defense expenses. Consequently, Hobbs argues his counterclaim alleged facts sufficient to constitute a negligence cause of action against Cole. Cole argues Hobbs is attempting to circumvent South Carolina's lack of recognition of a spoliation of evidence cause of action by alleging the spoliation was done negligently.

"In a negligence action, a plaintiff must show that the (1) defendant owed a duty of care to the plaintiff, (2) defendant breached the duty by a negligent act or omission, (3) defendant's breach was the actual and proximate cause of the plaintiff's injury, and (4) plaintiff suffered an injury or damages." *Dorrell v. S.C. Dept. of Transp.*, 361 S.C. 312, 318, 605 S.E.2d 12, 15 (2004). "The existence of a duty owed is a question of law for the courts." *Washington v. Lexington County Jail*, 337 S.C. 400, 405, 523 S.E.2d 204, 206 (Ct.App. 1999).

We find Hobbs pled facts sufficient to overcome a Rule 12(b)(6), SCRCP, dismissal based on a negligence cause of action. In his answer and counterclaim, Hobbs argued Cole lost Mary Lewis's patient history profile and "breached its duty to [Hobbs] to preserve this evidence and Cole's spoliation of this evidence is negligence." We believe Hobbs should have the opportunity to prove Cole assumed a duty to maintain patient records on Hobbs's behalf through either contract, relationship, or some other special circumstance. *Hubbard v.*

file a Rule 59(e) motion, the issue of whether South Carolina would allow recovery for "negligent spoliation" is not preserved for review. Hobbs contends the issue was raised to the trial judge and ruled upon at the motion hearing. At the hearing, the trial judge found: "[t]hough it may have some reference to negligence, I believe it is an evidentiary matter that is dealt with through other means and it does not constitute an independent cause of action." We find this is a sufficient ruling on the negligence issue, and therefore, the issue is preserved for our review.

*Taylor,* 339 S.C. 582, 589, 529 S.E.2d 549, 552 (Ct.App.2000) ("[A]n affirmative legal duty to act may be created by statute, contract, relationship, status, property interest, or some other special circumstance."). Furthermore, we find Hobbs sufficiently pled that Cole breached its duty to Hobbs by losing Mary Lewis's patient history profile which affected his ability to defend himself and subsequently caused him to suffer damages. Accordingly, we find that viewed in the light most favorable to Hobbs, the facts alleged in his counterclaim constitute a negligence cause of action, and we reverse the trial court's dismissal of Hobbs's counterclaim pursuant to Rule 12(b)(6), SCRCP.

## II. Tort of Negligent Spoliation and Novelty Issues

Based upon our finding as to the negligence issue, we need not address the remaining issues on appeal. *Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

## CONCLUSION

We find Hobbs pled facts sufficient to constitute a negligence cause of action and thus the trial court's dismissal of Hobbs's counterclaim pursuant to Rule 12(b)(6), SCRCP is

**REVERSED.**

SHORT and WILLIAMS, JJ., concur.