714 S.E.2d 537

COLE VISION CORPORATION and Sears
Roebuck & Company, Inc., Plaintiffs,

Of Whom Cole Vision Corporation is the, Petitioner,

v.

Steven C. HOBBS, O.D. and NCMIC Insurance
Company, Defendants,

Of Whom Steven C. Hobbs, O.D. is the, Respondent.

No. 26988.

Supreme Court of South Carolina.

Heard April 6, 2011.
Decided June 20, 2011.

146

E. Raymond Moore, III, Adam J. Neil, and Ashley B. Stratton, of Murphy & Grantland, all of Columbia, for Petitioner.

Hardwick Stuart, Jr., of Berry, Quackenbush and Stuart, of Columbia, for Respondent.

Justice HEARN.

We granted certiorari to review the decision of the court of appeals in *Cole Vision Corp. v. Hobbs*, 384 S.C. 283, 680 S.E.2d 923 (Ct.App.2009), which reversed the circuit court's dismissal of Hobbs' counterclaim for spoliation of evidence. Cole Vision Corporation (Cole Vision) argues the tort of negligent spoliation of evidence is not cognizable under South Carolina law. We agree and reverse the court of appeals.

## FACTUAL/PROCEDURAL BACKGROUND

Steven C. Hobbs, an optometrist, sublet space leased by Cole Vision Corporation (Cole Vision) from Sears Roebuck and Company (Sears) for his optometry practice. The sublease agreement between Hobbs and Cole Vision contained indemnity provisions whereby Hobbs agreed to defend Cole Vision and Sears against any and all liabilities arising from events occurring in Hobbs' business location or as a result of Hobbs' activities at the business. This agreement also purportedly

required Cole Vision to retain copies of Hobbs' patient records. Pursuant to the agreement, Hobbs obtained professional liability insurance with NCMIC Insurance Company (NCMIC).

Mary and John Lewis (collectively, the Lewises) sued Hobbs, Cole Vision, and Sears based on Hobbs' alleged malpractice in failing to properly diagnose and treat Mary Lewis. The Lewises contend Mary Lewis's glaucoma went undetected due to Hobbs' negligent treatment, and as a result, she was rendered blind. Cole Vision and Sears brought this action for declaratory relief after Hobbs and NCMIC refused to defend them in the malpractice suit. Although the Lewises' case was pending when Cole Vision brought this declaratory judgment action, it eventually settled.

The case brought by Cole Vision and Sears seeks a declaration that Hobbs and NCMIC were obligated to defend and indemnify them pursuant to the sublease agreement between Hobbs, Cole Vision, and Sears. Cole Vision and Sears also sought judgment against Hobbs and NCMIC for defense costs and settlement amounts of the claims asserted in the malpractice action brought by the Lewises.[1]

In response to the complaint, Hobbs filed a defense and counterclaim for negligent spoliation of evidence against Cole Vision and Sears stemming from the loss of Mary Lewis's patient profile sheet. Hobbs contended that Cole Vision lost the profile sheet, which was a key piece of evidence needed to defend the malpractice claim. According to Hobbs, he incurred costs and attorney fees as a result of his inability to adequately defend against the Lewises' claim for malpractice. Cole Vision's reply asserted that the counterclaim failed to state facts sufficient to constitute a cause of action and did not arise from the same transaction or occurrence.

Cole Vision filed a motion to dismiss pursuant to Rule 12(b)(6), SCRCP, on the ground that South Carolina does not recognize a cause of action for spoliation of evidence. The circuit court agreed and granted the motion to dismiss. Hobbs appealed the circuit court's order and the court of appeals reversed the circuit court, finding that Hobbs pled

---

1. While NCMIC was a party to the declaratory judgment action, it is not a party to this appeal.

facts sufficient to constitute a general negligence cause of action. The court of appeals did not determine whether South Carolina recognizes a cause of action for negligent spoliation, instead reversing the circuit court based on its characterization of Hobbs' claim as sounding in general negligence. *See Cole Vision Corp. v. Hobbs,* 384 S.C. 283, 680 S.E.2d 923 (Ct.App.2009). Cole Vision's petition for rehearing included a discussion of *Austin v. Beaufort County Sheriff's Office,* 377 S.C. 31, 659 S.E.2d 122 (2008), which had been decided by this Court after the issuance of the court of appeals' decision, but the court of appeals denied the petition.[2] We granted Cole Vision's petition for certiorari.

## ISSUES

Cole Vision presents three issues to this Court:

I. Did Hobbs preserve the issue of general negligence based on the spoliation of evidence for appellate review?

II. Did the court of appeals err in reversing the circuit court's order granting Cole Vision's motion to dismiss Hobbs' counterclaim for spoliation of evidence?

III. If negligent spoliation does exist under South Carolina law, did Hobbs fail to plead an essential element?

## STANDARD OF REVIEW

 Under Rule 12(b)(6), SCRCP, a party may move to dismiss a complaint against him based on a failure to state facts sufficient to constitute a cause of action. *Spence v. Spence,* 368 S.C. 106, 116, 628 S.E.2d 869, 874 (2006). In considering a motion to dismiss under Rule 12(b)(6), the circuit court must base its ruling solely on the allegations set forth in the complaint. *Doe v. Marion,* 373 S.C. 390, 645 S.E.2d 245 (2007). Such a motion may not be sustained if the facts alleged and the inferences reasonably deducible therefrom would entitle the plaintiff to any relief on any theory of

---

**2.** Cole Vision claims that based on *Austin,* this Court does not recognize a cause of action for spoliation of evidence, but that even if we were to recognize such a cause of action, Hobbs failed to plead an essential element of it.

the case. *Id.* The question is whether, in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief. *Id.* In reviewing the dismissal of an action pursuant to Rule 12(b)(6), the appellate court applies the same standard as the circuit court. *Id.*

## LAW/ANALYSIS

### I. PRESERVATION

■ Cole Vision asserts, as it did before the court of appeals, that Hobbs' attempt to characterize his counterclaim as one for general negligence is unpreserved because it was not addressed in the circuit court's order granting the motion to dismiss, and Hobbs did not file a Rule 59(e), SCRCP, motion. Hobbs responds that he specifically raised this issue to the circuit court during the hearing and the circuit court ruled on it.

It is true that Hobbs' counsel raised the issue of general negligence in arguments before the circuit court and that, in the oral ruling from the bench, the circuit court recognized the cause of action may have some reference to negligence. However, the written order is based solely on spoliation of evidence.

■ It is well settled that when there is a discrepancy between an oral ruling of the court and its written order, the written order controls. See *Ford v. State Ethics Comm'n*, 344 S.C. 642, 646, 545 S.E.2d 821, 823 (2001); *Corbin v. Kohler Co.*, 351 S.C. 613, 620, 571 S.E.2d 92, 96 (Ct.App.2002); *Parag v. Baby Boy Lovin*, 333 S.C. 221, 226, 508 S.E.2d 590, 592 (Ct.App.1998). Thus, Cole Vision is correct in its assertion that Hobbs' characterization of his counterclaim before the court of appeals as one for general negligence is unpreserved. Even if we were to find Hobbs' characterization of his counterclaim as sounding in general negligence to be preserved, his position would still be unavailing; regardless of how his counterclaim is labeled, we analyze it under the same rubric as a claim based on spoliation of evidence.[3]

---

3. "What's in a name? That which we call a rose by any other name would smell as sweet." William Shakespeare, Romeo and Juliet, II, 11, 1–2.

## II. SPOLIATION OF EVIDENCE

■ Cole Vision urges us to find *Austin* controlling in this case. Hobbs argues that *Austin* is distinguishable and should therefore not be persuasive. While we agree with Hobbs that *Austin* is distinguishable, we decline to adopt the tort of negligent spoliation in this State.

In *Austin*, Austin's son was found dead in his neighbor's garage from a drug overdose. 377 S.C. at 33, 659 S.E.2d at 123. The Sheriff's Office began an investigation into his death and collected various items from the scene, but it then destroyed all the evidence collected. *Id.* When Austin later discovered that the evidence was destroyed, she filed suit against the Sheriff's Office, claiming damages because the destruction of evidence impaired her ability to bring a potential wrongful death action. *Id.* The circuit court granted summary judgment in favor of the Sheriff's Office, and Austin appealed. *Id.* at 34, 659 S.E.2d at 123.

Austin urged this Court to adopt the tort of third party spoliation of evidence, specifically arguing that West Virginia's version of the tort as expressed in *Hannah v. Heeter*, 213 W.Va. 704, 584 S.E.2d 560 (2003), should be recognized. *Id.* After articulating what the *Hannah* court held to be the elements of negligent spoliation of evidence by a third party,[4] we determined that, even if we were to recognize this tort, Austin's allegations did not rise to the level of stating a claim as she would fail to meet its elements. *Id.* at 35, 659 S.E.2d at 124. Although we rejected Austin's claim, we specifically "decline[d] to address whether we would, under other factual circumstances, adopt the tort of third party spoliation of evidence." *Id.* at 36, 659 S.E.2d at 124.

---

4. In *Hannah*, the Supreme Court of West Virginia identified the following elements for the tort of negligent spoliation of evidence by a third party: (1) the existence of a pending or potential civil action; (2) the alleged spoliator had actual knowledge of the pending or potential civil action; (3) a duty to preserve evidence arising from a contract, agreement, statute, administrative rule, voluntary assumption of duty, or other special circumstances; (4) spoliation of the evidence; (5) the spoliated evidence was vital to a party's ability to prevail in a pending or potential civil action; and (6) damages. *See Hannah*, 584 S.E.2d at 569–70. The *Hannah* court refused to recognize first party negligent spoliation of evidence. *Austin*, 377 S.C. at 34 n. 3, 659 S.E.2d at 124 n. 3.

We believe *Austin* is distinguishable from the present case. *Austin* was a pure third party spoliation case; the Sheriff's Office would not have been a party to the wrongful death action between Austin and whoever allegedly was responsible for her son's death. This case, however, presents a unique situation. As opposed to being true third parties to the underlying case where the lost evidence was to be used, Cole Vision and Sears were co-defendants with Hobbs. This case is also not a true first-party spoliation case, where the claim is against an opposing party. In addition, Hobbs alleged that Cole Vision required all patient profile sheets be kept within their custody and control. At the 12(b)(6) stage, we are required to accept this allegation as true. Therefore, we have a potential contractual obligation between Cole Vision and Hobbs, while none existed in *Austin*.

However, the fact that *Austin* can be distinguished does not resolve the issue presented here: whether South Carolina should recognize a stand-alone tort for spoliation of evidence. We hold that while Hobbs may continue to assert Cole Vision's failure to maintain the document at issue as a defense to its claim for indemnification, the circuit court properly held that South Carolina does not recognize an independent tort for the negligent spoliation of evidence, third-party or otherwise.

We recognize that some states have adopted an independent action for spoliation of evidence. *See, e.g., Rizzuto v. Davidson Ladders, Inc.,* 280 Conn. 225, 905 A.2d 1165, 1178 (2006) (recognizing intentional first-party spoliation); *Holmes v. Amerex Rent–A–Car,* 710 A.2d 846, 849 (D.C.Ct.App.1998) (recognizing cause of action for negligent spoliation of evidence against third parties). Other states have refused to adopt an independent tort action, but have permitted recovery for spoliation under traditional negligence principles. *See, e.g., Smith v. Atkinson,* 771 So.2d 429, 432–33 (Ala.2000) (permitting spoliation claim under existing negligence law, but applying a rebuttable presumption that the plaintiff would have recovered in the underlying litigation); *Boyd v. Travelers Ins. Co.,* 166 Ill.2d 188, 209 Ill.Dec. 727, 652 N.E.2d 267, 270 (1995) (finding a claim for negligent spoliation of evidence could be stated under existing negligence law). Most states, however, have refused to recognize an independent spoliation tort and continue to rely on traditional non-tort remedies such as

sanctions and adverse jury instructions for redress. *See, e.g., Lips v. Scottsdale Healthcare Corp.,* 224 Ariz. 266, 229 P.3d 1008, 1011 (2010) (declining to recognizing a cause of action for third-party negligent spoliation); *Owens v. Am. Refuse Sys., Inc.* 244 Ga.App. 780, 536 S.E.2d 782, 784 (2000) (declining to recognize an independent third-party tort of evidence spoliation); *Goin v. Shoppers Food Warehouse Corp.,* 166 Md.App. 611, 890 A.2d 894, 898 (2006) (refusing to recognize separate tort action for negligent or intentional spoliation); *Austin v. Consolidation Coal Co.,* 256 Va. 78, 501 S.E.2d 161, 163 (1998) (declining to recognize a third-party spoliation tort under the facts of the particular case).

We also believe public policy considerations weigh heavily against adopting the tort in this State. First, other remedies are already available with respect to first-party claims. For example, the court of appeals has struck a party's pleadings or approved the use of adverse jury instructions against a party found to have lost or destroyed relevant evidence in the case where the evidence was to be presented. *See, e.g., Stokes v. Spartanburg Reg'l Med. Ctr.,* 368 S.C. 515, 522, 629 S.E.2d 675, 679 (Ct.App.2006) (ordering a new trial for failure to give a jury instruction on the adverse inference of the import of evidence lost or destroyed by the defendant); *QZO, Inc. v. Moyer,* 358 S.C. 246, 258, 594 S.E.2d 541, 548 (Ct.App.2004) (affirming the circuit court's decision to strike appellant's pleadings after appellant destroyed relevant evidence). However, Hobbs foreclosed his opportunity to obtain this relief when he settled the case brought by the Lewises.

The speculative nature of the damages calculation also militates against recognizing a negligent spoliation cause of action. In *Trevino v. Ortega,* 969 S.W.2d 950 (1998), the Supreme Court of Texas, in rejecting the tort of evidence spoliation, found, "[e]ven those courts that have recognized an evidence spoliation tort note that damages are speculative. The reason that the damages inquiry is difficult is because evidence spoliation tips the balance in a lawsuit; it does not create damages amenable to monetary compensation." 969 S.W.2d at 952–53; *see also Coprich v. Superior Court,* 80 Cal.App.4th 1081, 1089, 95 Cal.Rptr.2d 884 (Ct.App.2000) (articulating the uncertainty concerning the nature and effect of missing evidence in negligent spoliation claims). This is par-

ticularly true where, as here, the parties to the underlying suit have settled.

The final policy consideration which weighs against adoption of the tort of negligent spoliation concerns the potential for duplicative and inconsistent litigation. If a subsequent claim for spoliation is permitted by this Court outside of the original action, that claim would require a "retrial within a trial in which all the evidence presented in the underlying action would be presented again for the trier of fact to determine what effect the spoliated evidence might have had in light of the other evidence." *Coprich*, 80 Cal.App.4th at 1088–89, 95 Cal.Rptr.2d 884. This could occur regardless of whether the trial court in the principal action determined that the spoliation warranted sanctions or adverse jury instructions, thus potentially giving rise to inconsistent results.

However, our conclusion that Hobbs is unable to bring an independent claim does not preclude him from asserting spoliation as a defense to the declaratory judgment action brought by Cole Vision and Sears. "[T]he effect of the doctrine of spoliation, when applied in a defensive manner, is to allow a defendant to exculpate itself from liability because the plaintiff has barred it from obtaining evidence. . . ." Robert L. Tucker, *The Flexible Doctrine of Spoliation of Evidence: Cause of Action, Defense, Evidentiary Presumption, and Discovery Sanction*, 27 U. Tol. L.Rev. 67, 75 (1995). Other states have allowed spoliation to be used as a defense while denying its availability as an independent cause of action. *See, e.g., Hirsch v. General Motors Corp.*, 266 N.J.Super. 222, 628 A.2d 1108, 1118–19 (N.J.Super. Ct. Law Div.1993) (discussing the use of negligent spoliation in New Jersey). Here, Hobbs' allegation that Cole Vision lost a key piece of evidence which it was contractually obligated to maintain, while not a legally cognizable counterclaim, remains a viable defense in this action for indemnity.

■ The court of appeals reversed the circuit court's dismissal of Hobbs' counterclaim because it interpreted the claim as sounding in general negligence, and Hobbs urges us to uphold the court of appeals' decision on this basis. However, we believe this semantic change does not render his counterclaim any more viable. "It is the substance of the requested

154

relief that matters 'regardless of the form in which the request for relief was framed.' " *Richland County v. Kaiser,* 351 S.C. 89, 94, 567 S.E.2d 260, 262 (Ct.App.2002) (quoting *Standard Fed. Sav. & Loan Ass'n v. Mungo,* 306 S.C. 22, 26, 410 S.E.2d 18, 20 (Ct.App.1991)). Whether denominated as a claim for spoliation of evidence or as a general negligence claim based on spoliation of evidence, the substance of this claim is the same: both are based on the allegation that Cole Vision breached its duty to maintain a key document, the absence of which harmed Hobbs in the underlying lawsuit. Therefore, we do not believe Hobbs' counterclaim survives simply by calling it a negligence claim.

## CONCLUSION

While Hobbs' claim that Cole Vision breached a contractual duty to maintain the document at issue remains a viable defense in this action for indemnification, because we decline to recognize the tort of negligent spoliation of evidence, the circuit court properly dismissed it as a counterclaim. The decision of the court of appeals is therefore

**REVERSED.**

TOAL, C.J., PLEICONES, BEATTY and KITTREDGE, JJ., concur.