# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Jane Doe, Appellant,

v.

Oconee Memorial Hospital, Greenville Health System, Respondents.

Appellate Case No. 2018-001480

———————

Appeal from Oconee County
R. Scott Sprouse, Circuit Court Judge

———————

Opinion No. 5945
Heard October 13, 2021 – Filed September 21, 2022

———————

## AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

———————

Courtney Celeste Atkinson and Hannah Rogers Metcalfe, both of Metcalfe & Atkinson, LLC, of Greenville, for Appellant.

Kenneth Norman Shaw, of Haynsworth Sinkler Boyd, PA, of Greenville, for Respondents.

———————

**LOCKEMY, A.J.:** In this civil action, Jane Doe appeals the circuit court's order dismissing her complaint against Oconee Memorial Hospital and Greenville Health System (the Hospital and GHS; collectively, Respondents) pursuant to Rule 12(b)(6), SCRCP. Doe argues the circuit court erred in dismissing her causes of action for negligence and intentional infliction of emotional distress and in dismissing her complaint when her motion to amend her complaint was still

pending. We affirm in part, reverse in part, and remand to the circuit court to allow Doe an opportunity to amend her complaint.

## FACTS AND PROCEDURAL HISTORY

On December 5, 2015, Doe went to Oconee Memorial Hospital, informed medical staff that she believed she had been drugged and sexually assaulted in Georgia, and asked the Hospital to perform a sexual assault forensic examination. With Doe's consent, the nurse who performed the examination called the DeKalb County Sheriff's Office in Georgia and reported the assault to an officer. According to Doe, the officer stated he was unwilling to come to the Hospital to collect the evidence and told the nurse that Doe would have to personally drive the evidence to Georgia. The nurse gave Doe a box containing the specimens collected during the examination. Doe then went to her home in Oconee County and took the box with her. The next day, she traveled to the DeKalb County Sheriff's Office and gave them the box. About two months later, the investigating officer informed Doe the box did not contain a blood sample and the sheriff's office was therefore unable to determine whether she had been drugged. The officer informed Doe the sheriff's office was closing its case.

Doe commenced this action on December 5, 2017, against the Hospital and GHS, alleging the following causes of action: (1) negligence for failure to properly collect and protect evidence, (2) negligence for failure to order necessary tests, (3) gross negligence for failure to properly collect and protect evidence, (4) gross negligence for failure to order necessary tests, (5) negligent supervision, and (6) intentional infliction of emotional distress.

On January 10, 2018, Respondents[1] moved pursuant to Rule 12(b)(6), SCRCP, to dismiss Doe's complaint, arguing Doe failed to plead facts sufficient to support the duty and damages elements of her negligence claims or satisfy "the heightened standard of proof required for an intentional infliction of emotional distress claim." Respondents asserted they did not owe a duty to Doe individually because they were "performing a crime investigation service on behalf of law enforcement." Respondents additionally argued that Doe's negligence claims were essentially claims for negligent spoliation of evidence, which Respondents argued was not a recognized tort in South Carolina, and that Doe failed to allege a cognizable injury. Respondents additionally argued GHS was a governmental facility under the South

---

[1] The motion was titled "Defendant Greenville Health System's Motion to Dismiss."

Carolina Tort Claims Act (the Act)[2] and was therefore immune from liability when an employee acted outside the scope of his official duty or with actual malice or intent to harm.

The circuit court heard the motion to dismiss on June 4, 2018. On the same date, Doe filed a motion to amend her complaint pursuant to Rule 15(a), SCRCP, requesting leave to "name any other appropriate entities as additional defendants, to add two additional causes of action for breach of contract and bailment, and to further clarify [her] pending claim for negligence." Doe stated during the hearing, however, that she was not alleging medical malpractice at the time. Although she addressed her motion to amend the complaint during the hearing, she did not submit a proposed amended complaint. As to the merits of GHS's motion to dismiss, Doe disputed that the Act applied, that GHS was the owner and operator of the Hospital, and that the public duty rule applied. Doe argued she suffered harm from the Hospital's actions because she did not know if she had been drugged or if she was actually raped because the evidence was contaminated and lost.

After taking the matter under advisement, the circuit court issued an order dismissing Doe's complaint with prejudice. The circuit court noted, however, that its ruling was "without prejudice to any future claims by [Doe] in a new action against [GHS] pertaining to different causes of action." In a footnote, the circuit court noted it could not consider the merits of Doe's motion to amend even if it were inclined to do so because she did not submit a proposed amended complaint.

The circuit court concluded Doe's claims failed because Respondents owed her no legal duty and she failed to allege any cognizable damages. Specifically, the circuit court found Doe failed to identify any authority or standard establishing Respondents owed her a duty as to the handling of the sexual assault examination kit. The circuit court reasoned that although Respondents "undoubtedly owed a duty of care in rendering medical services," Doe did not allege injuries stemming from those services but instead alleged Respondents negligently handled the sexual assault examination kit. In addition, the circuit court found Respondents did not render medical services or treatment to Doe when the Hospital gathered evidence for the sexual assault examination kit. Rather, the circuit court concluded Respondents[3] performed a service on behalf of law enforcement pursuant to

---

[2] S.C. Code Ann. §§ 15-78-10 to -220 (2005 & Supp. 2021).

[3] We note GHS argued the Hospital was not an independent legal entity capable of being sued but was instead a facility that GHS owned and operated. The circuit court's order acknowledged this, but the case caption was not changed to remove

"statutes, ordinances, and regulations" that protected the public at large and did not establish a duty of care to individuals.

The circuit court next interpreted Doe's claims for negligence as an attempt to allege negligent spoliation of evidence. The circuit court rejected her argument that the claims sounded in "general negligence" and concluded negligent spoliation of evidence was not a cognizable claim pursuant to *Austin v. Beaufort County Sheriff's Office*[4] and *Cole Vision Corp. v. Hobbs*.[5]

The circuit court further concluded Doe failed to allege a cognizable injury. It reasoned Doe did not allege she suffered a physical injury; thus, the "only reasonable inference" the court could draw from her allegations was that she endured emotional distress, and South Carolina does not recognize negligent infliction of emotional distress as a cause of action.

As to Doe's claim for intentional infliction of emotional distress, the circuit court concluded she "failed to plead facts sufficient to establish the heightened standard of proof required." The court found Doe failed to allege Respondents' employees acted with the intent to cause her severe emotional distress or that they were certain or substantially certain their actions would cause her such distress. The circuit court determined "no reasonable person could determine that [complying with] the instructions of a law enforcement officer regarding the handling of evidence of a crime would be considered 'extreme and outrageous conduct.'" The court further found Doe failed to allege such "severe" emotional distress "that no reasonable [person] could be expected to endure it" because many victims of sexual assault had to "deal with emotions associated with their attacker not being held accountable." Finally, the circuit court concluded "GHS is a governmental entity and healthcare facility within the meaning of the South Carolina Tort Claims Act," and was therefore immune from liability "for employee conduct outside the scope of his official duties or which constitutes actual malice or intent to harm."

Doe filed a motion to reconsider, arguing (1) the circuit court failed to rule upon her motion to amend her complaint, (2) she met her burden of pleading the duty

the Hospital, and counsel for Respondents represents both of the named defendants in his appeal. We assume this will be addressed on remand.

[4] 377 S.C. 31, 34-36, 659 S.E.2d 122, 123-24 (2008) (acknowledging our state does not recognize the tort of negligent spoliation and declining to adopt it).

[5] 394 S.C. 144, 150-54, 714 S.E.2d 537, 540-42 (2011) (declining to recognize the tort of negligent spoliation).

and damages elements of her negligence claims, (3) the public duty rule did not apply, (4) she alleged facts to support a claim for intentional infliction of emotional distress, and (5) dismissal was improper because the circuit court had not yet addressed her motion to amend. The circuit court summarily denied the motion. This appeal followed.[6]

## ISSUES ON APPEAL

1. Did the circuit court err in dismissing Doe's negligence claims?

2. Did the circuit court err in dismissing Doe's claim for intentional infliction of emotional distress?

3. Did the circuit court err in dismissing Doe's action when her motion to amend was still pending?

## STANDARD OF REVIEW

"In reviewing the dismissal of an action pursuant to Rule 12(b)(6), SCRCP, the appellate court applies the same standard of review as the trial court." *Doe v. Marion*, 373 S.C. 390, 395, 645 S.E.2d 245, 247 (2007). "In considering a motion to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action, the trial court must base its ruling solely on allegations set forth in the complaint." *Id.* "If the facts alleged and inferences reasonably deducible therefrom, viewed in the light most favorable to the plaintiff, would entitle the plaintiff to relief on any theory, then dismissal under Rule 12(b)(6) is improper." *Id.* "Rule 12(b)(6) permits the trial court to address the sufficiency of a pleading stating a claim; it is not a vehicle for addressing the underlying merits of the claim." *Skydive Myrtle Beach, Inc. v. Horry County*, 426 S.C. 175, 180, 826 S.E.2d 585, 587 (2019). "[T]he complaint should not be dismissed merely because the court doubts the plaintiff will prevail in the action." *Plyler v. Burns*, 373 S.C. 637, 645, 647 S.E.2d 188, 192 (2007).

---

[6] After appealing the 12(b)(6) dismissal, Doe initiated two additional actions against Respondents and additional defendants. Doe's appeals of the circuit court's orders in those actions were also pending at the time we considered this appeal. We decided those appeals in *Doe v. Oconee Memorial Hospital*, Op. No. 2022-UP-357 (S.C. Ct. App. filed Sept. 21, 2022) and *Doe v. Oconee Memorial Hospital*, Op. No. 2022-UP-358 (S.C. Ct. App. filed Sept. 21, 2022).

**LAW AND ANALYSIS**

**A.  Negligence Claims**

Doe concedes South Carolina does not recognize negligent spoliation as an independent tort but argues the circuit court erred in characterizing her negligence claims as claims for spoliation of evidence.  Doe next contends the circuit court erred in concluding the public duty rule applied and in finding she failed to plead sufficient facts to show Respondents owed a duty to her individually.  Doe argues her complaint included no factual allegations to support the circuit court's conclusion that Respondents were acting on behalf of law enforcement.  Doe further asserts the circuit court erred in holding she failed to allege a cognizable injury when the nature of her injuries was a question of fact and she did not narrowly state she sustained only emotional injury.  Finally, Doe argues the circuit court erred in dismissing her complaint when her Rule 15(a), SCRCP, motion to amend was still pending.  We find the circuit court erred in dismissing Doe's complaint without allowing her the opportunity to amend her complaint.

"When a trial court finds a complaint fails 'to state facts sufficient to constitute a cause of action' under Rule 12(b)(6), the court should give the plaintiff an opportunity to amend the complaint pursuant to Rule 15(a) before filing the final order of dismissal."  *Skydive Myrtle Beach, Inc.*, 426 S.C. at 179, 826 S.E.2d at 587.  "Rule 15(a) provides that when a party asks to amend his pleading, 'leave shall be freely given when justice so requires and does not prejudice any other party.'" *Patton v. Miller*, 420 S.C. 471, 489, 804 S.E.2d 252, 261 (2017) (quoting Rule 15(a), SCRCP).  "[Rule 15(a)] strongly favors amendments and the court is encouraged to freely grant leave to amend."  *Id.* at 489-90, 804 S.E.2d at 261 (quoting *Parker v. Spartanburg Sanitary Sewer Dist.*, 362 S.C. 276, 286, 607 S.E.2d 711, 717 (Ct. App. 2005)).  "In the absence of a proper reason, such as bad faith, undue delay, or prejudice, a denial of leave to amend is an abuse of discretion."  *Forrester v. Smith & Steele Builders, Inc.*, 295 S.C. 504, 507, 369 S.E.2d 156, 158 (Ct. App. 1988).  "The prejudice contemplated in Rule 15 is not that the non-moving party is forced to defend the merits of a valid claim." *Patton*, 420 S.C. at 491, 804 S.E.2d at 262.  Rather, it "is some result flowing from the amendment that puts the non-moving party at a disadvantage in defending the merits, which disadvantage the party would not have faced if the amended claim had been included in the original pleading or a timely motion to amend."  *Id.* at 493, 804 S.E.2d at 263 (holding the circuit court did not err in allowing the plaintiff to amend her complaint "[b]ecause the record contain[ed] no basis for a conclusion the defendants would have been prejudiced" by allowing her to do so).

"To state a cause of action for negligence the plaintiff must allege facts [that] demonstrate the concurrence of three elements: (1) a duty of care owed by the defendant; (2) a breach of that duty by negligent act or omission; and (3) damage proximately caused by the breach." *Kleckley v. Nw. Nat'l Cas. Co.*, 338 S.C. 131, 138, 526 S.E.2d 218, 221 (2000).

We conclude the circuit court erred in dismissing Doe's negligence claims pursuant to Rule 12(b)(6), SCRCP, without allowing her an opportunity to amend her pleadings. Even assuming Doe's complaint failed to allege facts sufficient to state a claim for negligence, Doe requested leave to amend her complaint immediately prior to and during the hearing on Respondents' motion to dismiss and stated she sought to further clarify her claims for negligence. We cannot determine whether the amendment would be clearly futile because the circuit court dismissed Doe's complaint with prejudice without first giving her an opportunity to submit a proposed amended complaint. *See Skydive Myrtle Beach, Inc.*, 426 S.C. at 183 n.3, 826 S.E.2d at 589 n.3 (noting "an appellate court must consider the merits of an amendment to a complaint that in fact failed to state a claim, but was improperly dismissed 'with prejudice' without granting leave to amend, in determining whether to remand to permit the plaintiff to amend"); *id.* at 185, 826 S.E.2d at 590 (stating the appellate court "must remand unless [it] find[s] any amendment would be clearly futile"). Further, nothing in the record suggests Respondents would have suffered prejudice if Doe were permitted to amend her complaint. Based on the foregoing, we conclude the circuit court abused its discretion by failing to allow Doe an opportunity to amend her complaint, and we reverse and remand this matter to the circuit court.[7]

**B. Intentional Infliction of Emotional Distress Claim**

Doe argues the circuit court erred in dismissing her claim for intentional infliction of emotional distress because the court applied a heightened standard of proof. She next asserts the circuit court erred by dismissing this claim on the basis that, under the Act, Respondents were immune from liability for an employee's conduct outside the scope of his official duties or conduct that constituted actual malice or intent to harm. Doe contends she did not allege any employee acted outside the scope of his or her official duties or that an employee acted "with actual malice . . . or intent to harm." Although we agree the circuit court erred in applying a

---

[7] We note neither the circuit court nor the parties had the benefit of our supreme court's *Skydive* decision when the motion to dismiss was heard.

heightened standard of proof, we affirm the circuit court's dismissal of this claim because Doe failed to allege sufficient facts to support a claim for intentional infliction of emotional distress.

> To state a claim for intentional infliction of emotional distress, a plaintiff must show (1) the defendant intentionally or recklessly inflicted severe emotional distress, or was certain or substantially certain that such distress would result from his conduct; (2) the conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community; (3) the actions of defendant caused the plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Bergstrom v. Palmetto Health All.*, 358 S.C. 388, 401, 596 S.E.2d 42, 48 (2004). In *Hansson v. Scalise Builders of S.C.*, 374 S.C. 352, 358, 650 S.E.2d 68, 72 (2007), our supreme court noted:

> Under the heightened standard of proof for emotional distress claims emphasized in *Ford*[ *v. Hutson*, 276 S.C. 157, 276 S.E.2d 776 (1981)], a party cannot establish a prima facie claim for damages resulting from a defendant's tortious conduct with mere bald assertions. To permit a plaintiff to legitimately state a cause of action by simply alleging, "I suffered emotional distress" would be irreconcilable with this Court's development of the law in this area.

As an initial matter, we find the circuit court erred in applying a higher burden of proof for an intentional infliction of emotional distress claim at the 12(b)(6) stage. *See Hansson*, 374 S.C. at 357-58, 650 S.E.2d at 71-72 (discussing a heightened burden of proof but applying it in the context of a motion for summary judgment); *see also Ford*, 276 S.C. at 159, 276 S.E.2d at 777 (reviewing the circuit court's ruling on a motion for a new trial). In addition, we question whether the circuit court's conclusion that Respondents were entitled to immunity under the Act was proper at that stage.

Nevertheless, we affirm the circuit court's dismissal of this claim because Doe failed to allege facts to suggest that the employees, by following the instructions of law enforcement to give her the examination kit, intended to inflict or recklessly inflicted severe emotional distress upon Doe.[8] We find Doe's allegations were insufficient to support a claim that hospital employees "intentionally or recklessly inflicted severe emotional distress" or that they "were certain or substantially certain that such distress would result from their conduct." Doe did not seek to amend her complaint as to this claim, and we cannot conceive of an amendment to this cause of action that would not be futile. Therefore, we affirm the circuit court's dismissal of Doe's claim for intentional infliction of emotional distress.

**CONCLUSION**

For the foregoing reasons, we affirm the circuit court's order as to its dismissal of Doe's claim for intentional infliction of emotional distress, and we reverse the court's order as to the dismissal of Doe's negligence claims and remand to the circuit court to allow Doe an opportunity to amend her complaint. Accordingly, the circuit court's ruling is

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**WILLIAMS, C.J., and MCDONALD, J., concur.**

---

[8] We do not understand how Georgia authorities thought it appropriate to instruct hospital staff to provide a victim alleging sexual assault with the blood sample taken for her rape kit. As noted at oral argument, the nurse rightfully questioned this instruction, and the chain of custody concerns are obvious.